# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OLUWATOSIN OGUNSIJI,**

    **Plaintiff,**

**v.**                                                       **Case No: 6:13-cv-351-Orl-31KRS**

**J.C. PENNEY CORPORATION, INC.,**

    **Defendant.**

## ORDER

This matter is before the Court on Defendant J.C. Penney Corporation, Inc.'s ("JCP") Motion for Summary Judgment ("Motion") (Doc. 32), Plaintiff Ogunsiji's Response in Opposition ("Response") (Doc. 38), and JCP's Reply in support of the Motion ("Reply") (Doc. 39).

### I.  Background

According to the Plaintiff, this matter arises from a misperception by JCP personnel that he shoplifted a bottle of cologne from one of JCP's retail stores. Ogunsiji asserts that on June 28, 2012 he approached a cashier in the fragrance department of one of JCP's retail stores to purchase a bottle of cologne. He was unsure what size he wanted, looked at the sample bottle, and discussed the available sizes with the cashier. He ultimately decided on the largest bottle available. Accordingly, the cashier rang up the large bottle, but did not have it at the counter with her. Ogunsiji paid for it, and the cashier instructed him to go collect the paid-for bottle from the shelf. Unfortunately, another JCP employee, loss prevention specialist Jonas Franklin, only saw the last part of this transaction— when Ogunsiji picked up a bottle of cologne from the shelf, dropped it in his bag, and walked out of the door. Franklin apprehended Ogunsiji, returned him to the store and, despite Ogunsiji's requests that Franklin review the receipt and check with the cashier, Franklin called law enforcement

which led to Ogunsiji's arrest for shoplifting. Due to an unrelated prior event, Ogunsiji was on parole and the shoplifting arrest resulted in his incarceration for roughly 3.5 months.

JCP, on the other hand, presents a very different theory of the underlying events where Ogunsiji paid for one bottle of cologne and stole another. According to JCP, Ogunsiji went to the cashier, paid for the first bottle of cologne, and then walked back to the location where the cologne was shelved. At that point, a JCP associate alerted Franklin that Ogunsiji had returned to the area, which Franklin regarded as suspicious. Ogunsiji then picked up a second bottle of cologne from the shelf and put it in the bag with the first bottle and then left the store. Franklin, along with another loss prevention specialist met with Ogunsiji outside the store and asked that he return to their office. Ogunsiji requested that they look at the receipt to establish that he had, in fact, paid for the cologne. While Franklin did not immediately inspect the receipt, he did so once inside the JCP loss prevention office. Around the same time Franklin returned to the office, he called the Orange County Sheriff's Office ("OCSO") and requested that a deputy be dispatched to pick up a shoplifter. Franklin asserts he reviewed the receipt, found that Ogunsiji had paid for a hundred dollar bottle of cologne, but also had a separate bottle of cologne in his possession. Franklin's initial report records that he returned the stolen cologne to JCP and then waited for law enforcement to arrive. During this time Ogunsiji became agitated due to his concern with being deported. Ultimately, the OCSO deputy arrested Ogunsiji based on Franklin's report of Ogunsiji stealing one bottle of cologne and made no mention of a second, paid-for bottle.[1]

---

[1] Notably, there is record evidence that may be viewed as demonstrating the presence of two bottles of cologne. Franklin's initial report records a bottle recovered from Ogunsiji that was valued at $68, while Officer Perez's report and the reciept record a bottle valued at $100. (*See* Doc. 38-1 at 1, 3, 8). However, the facts surrounding Ogunsiji's possession of a second bottle are far from undisputed.

**II.     Standard**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

**III.    Analysis**

Defendant contends that this matter may be decided on summary judgment because Plaintiff has provided no evidence of malice or demonstrated a lack of probable cause in detaining and requesting the arrest of Ogunsiji, both of which are essential elements of a claim for malicious prosecution. *Ciccariello v. Kash N' Karry Food Stores*, *Inc.*, 2008 WL 4426710, 6 (M.D. Fla. Sept. 6, 2008). Franklin's initial apprehension of Ogunsiji was clearly appropriate based on his

observation of Ogunsiji taking a bottle of cologne off of a shelf, putting it in his bag, and walking out of the store.

The problem for JCP, however, is what happened once Franklin got Ogunsiji back into the store and instructed the OCSO to proceed with the arrest. While the parties dispute whether Franklin actually reviewed the receipt, it is clear that at some point he had the opportunity to do so. Were it undisputed that, upon reviewing the receipt, Franklin found that it recorded the sale of one bottle of cologne, but two bottles were discovered on Ogunsiji, then this matter could be determined on summary judgment. *Nash v. Publix Super Markets, Inc.*, 807-CV-1779-T-17TGW, 2010 WL 1253372 (M.D. Fla. Mar. 26, 2010) *aff'd*, 417 F. App'x 879 (11th Cir. 2011) (citing *Kmart Corp. v. Cullen*, 693 So.2d 1038 (Fla. 3d DCA 1997), *rev. denied*, 700 So.2d 684 (Fla.1997)) (noting under Florida law, possession of unlawfully obtained property outside of a store is sufficient probable cause to defeat malicious prosecution claim). However, nothing in the record conclusively demonstrates that two bottles of cologne were recovered from Ogunsiji—it is Franklin's word against Ogunsiji's. Additionally, if Franklin directed the OCSO to commence with the arrest without checking Ogunsiji's receipt or without inquiring with the cashier who had allegedly sold the Plaintiff the cologne, either of which would require minimal effort, then that may present a case of malicious prosecution.

It is therefore,

**ORDERED**, Defendant JCP's Motion for Summary Judgment (Doc. 32) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 14, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party