# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OLUWATOSIN OGUNSIJI,**

    **Plaintiff,**

**v.**                                                       **Case No:   6:13-cv-351-Orl-31KRS**

**J.C. PENNEY CORPORATION, INC.,**

    **Defendant.**

## ORDER

This matter is before the Court, following oral argument, on Defendant J.C. Penny Corporation, Inc.'s ("JCP") Omnibus Motion in Limine (Doc. 48) and Motion for Sanctions (Doc. 49). The Plaintiff did not submit responsive memoranda, but presented oral argument in response to the Motions.

### I. Omnibus Motion in Limine

JCP has moved in limine to preclude evidence at trial as to three issues: 1) statements or references that JCP targeted and/or profiled the Plaintiff on account of his race and/or national origin; 2) statements or references to Plaintiff's claim that he incurred legal defense costs associated with the underlying criminal charge; and 3) statements or references to the Plaintiff being incarcerated in "prison" rather than jail. (Doc. 48). With regard to the first (1st) and third (3d) requested relief, the parties stipulated agreement to the relief sought in open court. Accordingly, those portions are granted by stipulation of the parties.

With regard to the second (2d) relief requested, JPC asserts that the Plaintiff has not produced records of the attorney's fees incurred in defending the criminal charges related to shoplifting and accordingly that should be precluded as evidence of damages. The Parties have

agreed to a limited extension of discovery as to that specific issue. Accordingly, the Court will deny the relief requested without prejudice.

## II.     Motion for Sanctions

JCP's central argument is that, under Florida Statutes § 57.105, they are entitled to sanctions because the Plaintiff knew or should have known at the time they filed the claim, that the claim was not grounded in fact or was not warranted by existing law or reasonable extension of law. (Doc. 49 at 2). JCP principally relied on *Adekunle v. Garrison*, 05-61783-CIV, 2006 WL 3499135 (S.D. Fla. Dec. 4, 2006) for the proposition that because the Plaintiff was incarcerated due to a violation of his probation, there was no bona fide termination of the proceedings in his favor, which is an essential element of Plaintiff's malicious prosecution claim.

*Adekunle* does not permit this Court to conclude that the Plaintiff's claim is precluded, let alone that it is so clearly precluded that it merits sanctions under Florida Statutes § 57.105. In *Adekunle* the Plaintiff had brought a malicious prosecution claim against a law enforcement officer. Adekunle was allegedly near a vehicle that was being stripped. He initially fled from the scene and when he returned he was arrested and searched. Nine rocks of crack cocaine were discovered. This led to a violation of his probation, however, a jury found that the state did not make its case as to the criminal charges.[1] The *Adekunle* court held that "Adekunle cannot show that he was the victim of malicious prosecution, because there was probable cause for his arrest and the arrest did not result in a bona fide termination of the proceedings in his favor." *Id.* at *5.

In the exhibits submitted to the Court, it cannot be determined why Plaintiff's probation was determined to be violated. The determination may have been based on the shoplifting arrest or

---

[1] Notably, Adekunle never responded to the underlying Motion for Summary Judgment. *Adekunle*, 05-61783-CIV, 2006 WL 3499135, at *1.

because he did not complete community service. (*See* Doc. 50 at 7 (Amended Affidavit for Violation of Probation noting failure to complete community service)). The facts and procedural posture of *Adekunle* are distinct from this case, and accordingly, it does not show that the Plaintiff's case is without merit.

It is therefore,

**ORDERED,** that JCP's Motion in Limine (Doc. 48) is **GRANTED IN PART AND DENIED IN PART** and its Motion for Sanctions (Doc. 49) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 1, 2014.

                                                                                      _____
                                                                                      **GREGORY A. PRESNELL**
                                                                                      **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party